UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHRISTINA M. COLLINS,

                    Plaintiff,          07 Civ. ( )

-against-

SUZANNE D. PHILLIPS, individually and as Dean of
Personnel Services for Rockland Community College,
WILLIAM MURPHY, individually and in his
capacity as Director of Public Safety for Rockland
Community College, JAMEY McCARTHY,
individually and in her Capacity as Director of
Student Involvement for Rockland Community
College, MARC GIAMMARCO individually and
in his capacity as Coordinator of the Prevention
Resource Center for Rockland Community College,
COLLETTE FOURNIER, individually and in her
capacity as Director of Campus Communications
for Rockland Community College, PEGGY
MILONE McCORMACK, individually and in her
capacity as a member of the faculty of Rockland
Community College, and ROCKLAND
COMMUNITY COLLEGE,

**'07 CIV 11259**

**COMPLAINT**

**JUDGE CONNER**

**Jury Trial Demanded**

                    Defendants.
------------------------------------------------------------------x

      Petitioner CHRISTINA M. COLLINS, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

### NATURE OF THE PROCEEDING

1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants while they were acting under color of the laws of the State of New York, for violations of Plaintiffs' rights as

1

guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## THE PARTIES

2. Plaintiff CHRISTINA M. COLLINS is a female citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint she was enrolled as a student at Rockland Community College ("RCC") where she was a "Student Treasurer" in the Student Government Association. As such she received from the College a stipend of $250 monthly.

3. Defendant SUZANNE D. PHILLIPS (hereinafter "Phillips"), who is sued individually and in her official capacity, at all times relevant to this complaint was the Dean of Student Personnel Services for Rockland Community College. As such she is an RCC administrator and served as the Hearing Officer who convened and presided over the disciplinary hearing referenced *infra*.

4. Defendant WILLIAM MURPHY (hereinafter "Murphy"), who is sued individually and in his official capacity, at all times relevant to this complaint was the Director of Public Safety for Rockland Community College. As such he is an RCC administrator and served as one of the members of the disciplinary Hearing Committee referenced *infra*.

5. Defendant JAMEY McCARTHY (hereinafter "McCarthy"), who is sued individually and in her official capacity, at all times relevant to this complaint was the Director of Student Involvement for Rockland Community College. As such she is an RCC administrator.

6. Defendant MARC GIAMMARCO (hereinafter "Giammarco"), who is sued individually and in his official capacity, at all times relevant to this complaint was the Coordinator of the Prevention Resource Center for Rockland Community College. As such he is an RCC administrator and served as a member of the disciplinary Hearing Committee referenced *infra*.

7. Defendant COLLETTE FOUNIER (hereinafter "Founier"), who is sued individually and in her official capacity, at all times relevant to this complaint was the Director of Publications for Rockland Community College. As such she is an RCC administrator and served as a member of the disciplinary Hearing Committee referenced *infra*.

8. Defendant PEGGY MILONE McCORMACK (hereinafter "McCormack"), who is sued individually and in her official capacity, at all times relevant to this complaint was employed as a member of the faculty of Rockland Community College. As such she was the only faculty member to serve on the disciplinary Hearing Committee referenced *infra*.

9. Defendant ROCKLAND COMMUNITY COLLEGE (hereinafter "RCC") is a municipal corporate subdivision of the State of New York, that is funded in substantial part by the County of Rockland, New York. In that connection RCC has adopted detailed rules and procedures governing student conduct, as set forth in the Student Code of Conduct. With respect to the disciplinary hearing referenced *infra* Defendants violated every substantive right, benefit and/or entitlement of Plaintiff intentionally subjecting her to a Kafkaesque "trial" with no right to be present during most of the hearing, no right of

cross-examination; no disclosure of any allegations as to the factual basis for the hearing; and *inter alia* unidentified and anonymous witnesses/accusers.

## THE FACTS

10. On Thursday December 2, 2004, Plaintiff accompanied by three other RCC students drove to New Jersey to attend an off-campus, non-College function - - a dinner sponsored by a non-profit financial institution known as Paragon Federal Credit Union (hereinafter "Paragon"). During the course of their travel to and attendance at the dinner, one of those four students (a male), was obviously intoxicated and/or impaired by reason of alcohol consumption.

11. As the apparent result of intentionally false allegations made by other RCC students with respect to Plaintiff and her attendance at the Paragon dinner, on December 3, 2004, Phillips wrote Plaintiff advising in relevant part:

> "It is mandatory that you meet with me on Monday December 6th, at 1 pm in my office, Room 6201 in Brucker Hall, to discuss a recent violation of the SUNY Rockland Community College Student Code of Conduct."

12. Although Phillips neither advised Plaintiff in the December 3, 2004, correspondence that the supposed "recent violation" had allegedly been committed by Plaintiff nor explained what the supposed "violation" was, by that same correspondence Phillips summarily determined, without first affording Plaintiff any opportunity to be

4

heard, that Plaintiff had in fact violated some unidentified provision in the Student Code of Conduct and unilaterally imposed disciplinary sanctions upon Petitioner:

> " In addition, effective immediately you are removed from your position as Student [Treasurer] in the Student Government Association, and all extracurricular activities."

13. In that connection Phillips did not inform Plaintiff as to whether any charges of infractions of the Student Code of Conduct had been preferred against her.

14. On Friday December 3, 2004, McCarthy prepared and/or submitted to Phillips a report, presumably setting forth charges and/or factual allegations concerning Plaintiff and the alleged events at the Paragon dinner the preceding day. Plaintiff was never given a copy of that report, nor was she permitted to review it. Upon information and belief that document was received in evidence at the disciplinary hearing referenced *infra* and/or considered by the Hearing Committee (which is referenced *infra*) prior to convicting Plaintiff and imposing additional disciplinary sanctions upon her.

15. On December 6, 2004, Phillips, McCarthy, and Plaintiff met at which time:

   a. Plaintiff was ordered to first orally explain what occurred at the Paragon dinner and then write out and sign a statement as to her conduct at the Paragon function on December 2, 2004, with respect to which statement Plaintiff was neither given a copy nor afforded an opportunity to make a copy,

   b. McCarthy accused Plaintiff of falsely reporting the Paragon events and claimed that some unidentified person supposedly alleged that a bottle of vodka had been pried out of Petitioner's hand by another unidentified person at the Paragon premises,

c. No effort whatsoever was made by McCarthy and/or Phillips to explain and/or disclose, much less to resolve, the "charges" if any which were apparently leveled with respect to Plaintiff by an unidentified complainant and/or complainants,

d. No effort whatsoever was made by McCarthy and/or Phillips to determine (as required by the Student Code of Conduct) at that meeting what disciplinary action should be taken with respect to the unidentified charges, if any, as a result of which failure Plaintiff neither agreed nor disagreed (options expressly afforded her by the Student Code of Conduct) with any proposed resolution of the unarticulated charges, if any,

e. Phillips advised Petitioner that she (Phillips) could impose disciplinary punishment which Plaintiff could then appeal, but,

f. Phillips did not at the time impose any disciplinary punishment on Plaintiff as threatened - - other than that set forth *supra* in paragraph "12".

16. At no time did Plaintiff request verbally and/or in writing a hearing before a Hearing Committee - - a mandatory condition precedent, expressly provided in the Student Code of Conduct, in order for Defendants to convene a Hearing Committee.

17. Nevertheless on December 8, 2004, Phillips again wrote to Plaintiff, stating in pertinent resepct:

> "Please be advised that a Disciplinary Hearing Committee
> has been convened to resolve the incident that took place at
> Paragon headquarters last Thursday evening. The Hearing has
> been set for Wednesday, December 15, 2004, at 1pm in Room
> 5211 of the Fieldhouse [later rescheduled to December 21, 2004].

6

Your testimony before the Committee is mandatory."

18. As of December 8, 2004, and in violation of the express requirements of the Student Code of Conduct, Phillips did not: (i) advise Plaintiff if charges of infractions of the Student Code of Conduct had been filed with respect to her; (ii) provide Plaintiff with a copy of any such charges; explain to Plaintiff her procedural rights under the Student Code of Conduct; explain to Plaintiff the possible consequences if she were prosecuted on charges of infractions of that Code; inform Plaintiff who, if anyone, had requested in writing a hearing before a Hearing Committee; and/or caution Plaintiff that her attendance before the Hearing Committee was for any purpose other than to give "mandatory" testimony as a witness against some other student who in fact was the subject of charges of infractions of the Student Code of Conduct.

19. By correspondence dated December 14, 2004, Phillips advised Plaintiff:

"Upon investigation, this is to inform you that you are hereby officially charged with violating SUNY Rockland Community College Code of Conduct, Section I, Part A, 10 - *Presence on campus, attendance in class or at any College function under the influence of alcoholic beverages or narcotics or drugs;* 12 – *Unauthorized possession, use, sale or exchange of alcoholic beverages;* and 7 – *Violation of College policies or regulations.*

To this end, on Tuesday, December 21, 2004, at 9 am, in Room 5211, 2nd floor of the Fieldhouse, a Hearing has been scheduled to review the case and all charges associated with it. According to the Student Code of Conduct, the Hearing Committee [sic] will be

conducted without technicalities and will not necessarily follow trial court procedures. Additionally, you will be allowed to appear with an advisor of your choice who is not of the legal profession. You are **not** allowed to consult with your advisor, nor can that person make any statements or ask any questions during the Hearing.

You also have the right to summon any witnesses to support your position. Please note that the decision and determination of the Hearing Committee will be final in all respects, except in those instances which call for dismissal from the College. . . Finally, please refer to your Student Code of Conduct for all other procedures, rights and responsibilities"

(boldface added).

20. At no time did Phillips disclose to Plaintiff any allegations of fact supportive of and/or relating to the three conclusory charges referenced *supra*.

21. On December 21, 2004, the Disciplinary Hearing Committee [consisting of one unidentified supposed student, Murphy (an administrator), Giammarco (an administrator), Fournier (an administrator), and McCormack (a faculty member)] was convened by Phillips (an administrator) as Hearing Officer, at which time its composition (which violated a mandatory requirement of the Student Code of Conduct) was challenged by Plaintiff since the Hearing Committee was not comprised of "two students, two faculty members, and one member of the Administration" as required by Section I(D)(1) of the Student Code of Conduct. Phillips in words or substance ignored Plaintiff's

challenge, observing that she (Phillips) had been unable to obtain sufficient student members for the Hearing Committee.

22. During the conduct of the hearing, except when Plaintiff was summoned to be cross-examined by Phillips and when Plaintiff called a witness in her defense, Plaintiff (and her advisor) were prohibited by Phillips from being present while testimony and/or evidence was apparently introduced with respect to Plaintiff's supposed conduct on December 2, 2004, at Paragon. Plaintiff was thus precluded from learning what the "evidence" against her was; she was also precluded from cross-examining the unidentified and anonymous witnesses who testified against her in her absence; and she was prevented from establishing and/or effectively establishing her defense.

23. As provided for in the Student Code of Conduct Plaintiff retained her brother Kevin Collins, to serve as her "advisor" at the hearing. When during the hearing Mr. Collins twice sought to advise Petitioner, Phillips silenced him and instructed him that if he again gave advice and/or attempted to provide advice to Petitioner he would be ejected from the hearing room. As a proximate result Plaintiff's advisor refrained from advising Plaintiff, and neither cross-examined any witnesses nor thereafter articulated any objections to the proceeding.

24. When at the hearing Plaintiff sought to summon witnesses on her behalf, Phillips (who had never explained to Plaintiff her rights in that connection, that is how to summon witnesses) ruled that the only "witnesses" available to Plaintiff were those persons who coincidentally happened to be present outside the hearing room at that moment. In that connection neither Phillips nor the Hearing Committee: (a) explained to Plaintiff how to summon witnesses; (b) offered to issue subpoenas on her behalf to

witnesses she desired to call; and/or (c) adjourned or offered to adjourn the hearing to facilitate Plaintiff's doing so.

25. The disciplinary hearing, to the extent of testimony only, was audio recorded. As to the remainder of the proceeding (including *inter alia* colloquy, oral admissions against interest by Phillips, etc.) the recording device was repeatedly turned off leaving no record for review of the entire proceeding.

26. On December 22, 2004, Phillips advised Plaintiff in writing that the Hearing Committee had convicted her, not only of the three Code of Conduct provisions baldly referenced in her December 14, 2004 [subsections "7", "10" and "12"], correspondence but a fourth [never previously even charged or referenced] one as well [subsection "22"], and imposed punishment:

> "The Hearing Committee convened Tuesday, December 21, 2004, in accordance with the Student Code of Conduct Section I A, has found you guilty of the following charges:
>
> #7 *Violation of College policies or regulations;*
>
> #10 *Presence on campus, attendance in class or at any College function under the influence of alcoholic beverages or narcotics or drugs;*
>
> #12 *Unauthorized possession, use, sale or exchange of alcoholic beverages, and*
>
> #22 *Any act of whatsoever nature that interferes with normal operation of the College or which adversely affects the student's suitability as a member of the College community.*
>
> Also in accordance with the Student Code of Conduct pg. A-27

10

>Section E, Disciplinary Sanctions and the College's Zero Tolerance Policy, the Committee has imposed the following sanctions: effective immediately you are hereby permanently removed from all Student Government positions and related activities. For the duration of your attendance at SUNY Rockland Community College, you will not be able to assume another student government position. You must schedule 3-5 sessions with Mr. Marc Giammarco, Coordinator of the Prevention Resource Center and also arrange to complete 12 hours of community service with Mr Giammarco, no later than January 14, 2005.
>
>If you fail to schedule the session and community service by January 14, 2005, your Spring 2005 registration will be revoked or blocked, whichever is appropriate. Furthermore, any Dean's letters submitted on your behalf will indicate that a disciplinary action has been taken against you."

27. By way of contrast to Plaintiff other students otherwise identically situated to Plaintiff who have been charged with violation(s) of the Student Code of Conduct have been afforded all of the rights, benefits, and/or entitlements guaranteed to all students by reason of that Code of Conduct.

28. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: pecuniary losses; public humiliation; public embarrassment; violations of her rights to substantive due process and equal protection; emotional upset; anxiety;

irreparable impairment of her college records; and she has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

29. Repeats and realleges as if fully set forth the factual allegations contained in paragraphs "1" to "28", inclusive.

30. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

31. Repeats and realleges as if fully set forth the factual allegations contained in paragraphs "1" to "28", inclusive.

32. Under the premises Defendants' conduct violated Plaintiff's right to substantive due process.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST PHILLIPS AND RCC

33. Repeats and realleges as if fully set forth the factual allegations contained in paragraph "12".

34. Under the premises Defendants' summary removal of Plaintiff as a Student Treasurer and termination of her vested property right to continue receiving the referenced stipend violated her right to procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

b. Awarding against all Defendants such compensatory damages as the jury may determine,

c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       November 30, 2007

LOVETT & GOULD, LLP
By:_____
    Jonathan Lovett
Attorneys for Petitioner
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401