Ricki H. Berger, P.C.
Ricki H. Berger (RB 3948)
254 S. Main Street - Ste.202
New City, NY 10956
(845) 639-7000
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
CHRISTINA M. COLLINS,

                          Plaintiff,

      -against-
                                                   ANSWER
                                                   07 CIV 11259 (WCC)

SUZANNE D. PHILLIPS, individually and as Dean
of Personnel Services for Rockland Community
College, WILLIAM MURPHY, individually and in
his capacity as Director of Public Safety for
Rockland Community College, JAMEY McCARTHY,
individually and in her capacity as Director of
Student Involvement for Rockland Community
College, MARC GIAMMARCO, individually and in
his capacity as Coordinator of the Prevention
Resource Center for Rockland Community College,
COLLETTE FOURNIER, individually and in her
capacity as Director of Campus Communications
for Rockland Community College. PEGGY MILONE
McCORMACK, individually and in her capacity as a
member of the faculty of Rockland Community
College, and ROCKLAND COMMUNITY COLLEGE,

                          Defendant(s).
----------------------------------------------------------------------x

     Defendants, by and through its counsel, Ricki H. Berger, P.C., hereby submits the following as and for their Answer to Plaintiff's Complaint.

## NATURE OF THE PROCEEDING

**FIRST:**     Deny knowledge or information sufficient to form a belief as to the allegation contained in paragraph "1" of the Complaint.

## THE PARTIES

**SECOND:** Admit that at various times relevant to the Complaint, plaintiff was enrolled as a student at Rockland Community College (hereinafter "RCC") serving as "student treasurer" and receiving a periodic stipend and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "2".

**THIRD:** Admit so much as alleges that Suzanne D. Phillips (hereinafter "Phillips") was the Dean of Student Personnel Services for RCC, an administrator, and that she convened and/or presided over the subject disciplinary hearing and denies knowledge or information sufficient to form a belief as to the remained to said paragraph "3".

**FOURTH:** Admit so much as paragraph "4" as alleges that defendant William Murphy (hereinafter "Murphy") was the Director of Public Safety for RCC, an administrative position and that Murphy served as one of the members of the hearing committee and deny knowledge or information sufficient to form a belief the remainder of said paragraph.

**FIFTH:** Admit so much of paragraph "5" as alleges that Jamey McCarthy (hereinafter "McCarthy") was the Director of Student Involvement for RCC, an administrative position and deny knowledge or information sufficient to form a belief the remained of said paragraph.

**SIXTH:** Admit so much of paragraph "6" as alleges that Marc Giammarco (hereinafter "Giammarco") was the Coordinator of the Prevention Resource Center for

RCC, and administrative position and that Giammarco served as a member of the disciplinary hearing committee at issue.

**SEVENTH:** Deny each and every allegation contained in paragraph "7" of plaintiff's Complaint and state that defendant Collette Founier (hereinafter "Founier") was a member of the faculty at all relevant times alleged in the Complaint who did not serve as a member of the subject disciplinary committee at issue.

**EIGHTH:** Admit so much of paragraph "8" of plaintiff's Complaint as alleges that Peggy Milone McCormack (here and after "McCormack") was employed as a member of the faculty of RCC and deny remainder of said paragraph.

**NINTH:** Admit so much of paragraph "9" of plaintiff's Complaint as alleges that Rockland Community College (here and after "RCC") is funded in part by the County of Rockland, New York and that RCC has in place a Student Code of Conduct and deny the remainder of said paragraph.

**THE FACTS**

**TENTH:** Admit so much of paragraph "10" of plaintiff's Complaint as alleges that the plaintiff and other students attended a dinner function at Paragon Federal Credit Union (hereinafter "Paragon"). Admit so much as alleges that one student in particular was obviously intoxicated by reason of alcoholic beverage at the function. Deny so much of paragraph "10" as alleges that said dinner function was a "non college function" and deny knowledge and information sufficient to form a belief as to the remainder of said

paragraph.

**ELEVENTH:** Admit so much of paragraph "11" of plaintiff's Complaint as alleges that the quoted language was contained in a letter to the plaintiff from Phillips dated December 3, 2004 and deny each and every allegation contained in the remainder of said paragraph.

**TWELFTH**:   Admit so much of paragraph "12" of plaintiff's Complaint as alleges that the quoted language appeared in a letter of December 3, 2004 and deny the remainder of said paragraph.

**THIRTEENTH:**  Admit so much of paragraph "13" of plaintiff's Complaint as suggests that the aforementioned letter of December 3, 2004 did not contain a statement of charges or infractions however state that subsequent thereto, the plaintiff was specifically advised of said charges, both orally and in writing, and was given an opportunity to rebut same.

**FOURTEENTH**: Admit that on December 3, 2004, McCarthy submitted an internal memorandum to Phillips concerning events taking place in the evening hours of December 2, 2004 at the dinner hosted by Paragon Federal Credit Union for members of the RCC Student Government Association and that a copy of said memorandum was not provided to plaintiff.  Deny knowledge and information sufficient to form a belief as to the remainder of the allegations contained in said paragraph "14" of plaintiff's Complaint.

**FIFTEENTH:** Admit so much of paragraph "15" of plaintiff's Complaint as alleges that Phillips, McCarthy, and plaintiff met on December 6, 2004 which meeting was held in accordance with the provisions of the Student Code of Conduct whereupon plaintiff was specifically advised of and denied the allegations against her concerning the events of December 2, 2004 and deny the remainder of the allegations contained in said paragraph.

**SIXTEENTH:** Admit so much as alleges that plaintiff did not request a hearing before a hearing committee and deny each and every other allegation contained in the remainder of said paragraph.

**SEVENTEENTH:** Admit so much of paragraph "17" as alleges that by letter dated December 8, 2004, Phillips wrote to plaintiff advising that a Disciplinary Hearing Committee had been convened to resolve the incident taking place at Paragon headquarters on December 2, 2004.

**EIGHTEENTH:** Deny each and every allegation set forth in paragraph "18" of plaintiff's Complaint and respectfully refer to the subject Code of Conduct for the policies and procedures relevant to the claims herein ad made by plaintiff.

**NINETEENTH:** Neither admit nor deny the allegations contained in paragraph "19" of the Complaint and respectfully refer to the referenced document for the contents thereof.

**TWENTIETH:** Deny each and every allegation contained in paragraph "20" of

plaintiffs Complaint.

**TWENTY-FIRST**: Deny each and every allegation contained in paragraph "21" of plaintiff's Complaint however admit so much of paragraph "21" of plaintiff's Complaint as alleges that a disciplinary hearing took place on December 21, 2004 and that a hearing was conducted before a panel consisting of one student, two administrators, and two faculty members.

**TWENTY-SECOND:** Admit so much of paragraph "22" of plaintiff's Complaint as alleges that plaintiff and her brother/advisor were not present in the hearing room when witnesses were testifying and consequently did not cross examine those witnesses however deny each and every allegation contained in the remainder of said paragraph.

**TWENTY-THIRD:** Deny each and every allegation contained in paragraph "23" of plaintiff's Complaint and state that plaintiff's advisor indeed provided advice to plaintiff in written form and/or by physical gesture however was not permitted to disrupt the orderly conduct of the hearing with his continued rudeness as displayed before, during, and following the hearing.

**TWENTY-FOURTH:** Deny each and every allegation contained in paragraph "24" of plaintiff's Complaint and state that plaintiff was knowledgeable of her rights to call witnesses as contained in the Code of Conduct provided to all students at the commencement of the school year, including plaintiff, as well as by letter of December 14, 2004 and state that plaintiff never made inquiry of the defendants at any time from

December 2, 2004 to December 21, 2004 concerning the manner or method to be employed to do so. Furthermore, the witnesses sought by plaintiff were indeed the same witnesses who were present for the subject hearing and testified at the request of the defendants, some of whom had testified prior to plaintiff. At no time prior to the conduct of the hearing did plaintiff identify any witnesses she sought to be present. Defendants further state that in so far as the appearance of witnesses is concerned, defendant's conduct was wholly in accordance with the provisions with the subject code of conduct.

**TWENTY-FIFTH:** Admit so much of paragraph "25" as alleges that the disciplinary hearing was audio recorded and deny each and every allegation contained in the remainder of said paragraph.

**TWENTY-SIXTH:** Admit so much of paragraph "26" as alleges that by letter of December 22, 2004 the hearing committee, convened on December 21, 2004, found the plaintiff guilty of the charges stated herein and deny the remainder of said paragraph. Defendant neither admits nor denies the contents of said letter but instead defers to the Court for an interpretation of the content and import thereof.

**TWENTY-SEVENTH:** Deny each and every allegation contained in said paragraph "27" as alleges that plaintiff was treated any differently than other students identically situated to plaintiff herein and state that all such students, including plaintiff, have been substantially afforded all rights and benefits as provided by the subject Code of Conduct.

**TWENTY-EIGHTH:** Deny each and every allegation contained in paragraph contained in paragraph "28" of plaintiffs Complaint.

### ANSWERING A FIRST CAUSE OF ACTION

**TWENTY-NINTH:** Repeats, reiterates, and re-alleges the responses set forth in paragraphs FIRST through TWENTY-EIGHTH as though more fully set forth herein.

**THIRTIETH:** Denies each and every allegation set forth in paragraph "30" of plaintiffs Complaint.

### ANSWERING A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

**THIRTY-FIRST:** Repeats, reiterates, and re-alleges the responses set forth in paragraphs FIRST through THIRTIETH as though more fully set forth herein.

**THIRTY-SECOND:** Deny each and every allegation contained in paragraph "32" of plaintiff's Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION AGAINST PHILLIPS AND RCC

**THIRTY THIRD:** Repeats, reiterates, and re-alleges the Answer set forth in paragraphs FIRST through THIRTY-SECOND as though more fully set forth herein.

**THIRTY-FOURTH:** Deny each and every allegation contained in paragraph "34" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**THIRTY-FIFTH:** Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**THIRTY-SIXTH:** Plaintiff's claims are barred in whole or in part by virtue of the applicable statute(s) of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**THIRTY-SEVENTH:** Plaintiff was not deprived of any protected property interest and as such is not entitled to the procedural due process claimed in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**THIRTY-EIGHTH:** Any procedural irregularities by Defendants do not create a protected property interest.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**THIRTY-NINTH:** Plaintiff was afforded adequate notice of the allegations against her and an opportunity to present a defense before an impartial panel of decision makers and as such, she suffered no due process violation as claimed in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**FORTIETH:** The remedies available to Plaintiff under state law were adequate to address

her claims herein.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**FORTY-FIRST:** Defendants' actions as alleged in the Complaint were neither egregious nor outrageous and did not shock the conscience and as such, any claimed violations of Plaintiff's substantive due process rights must be dismissed.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

**FORTY-SECOND:** Plaintiff failed to exhaust her administrative remedies and as such, her claims herein are barred and must be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**FORTY-THIRD:** Defendants are entitled to immunity from the claims herein, absolute or qualified.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**FORTY-FOURTH**: Defendants' conduct was objectionably reasonable and exercised in good faith and as such, they are entitled to qualified and/or absolute immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

**FORTY-FIFTH:** The individual defendants are entitled to qualified immunity from civil damages as their conduct did not violate clearly established rights of which a reasonable person would have known.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**FORTY-SIXTH:** Defendants are entitled to immunity based upon the doctrine of exceptional circumstances.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

**FORTY-SEVENTH:** The complaint and each and every claim contained therein is barred in that Plaintiff, by reason of her own conduct and action, is estopped from asserting the claims set forth therein.

**FORTY-EIGHTH**: That the Plaintiff has unclean hands and as such, her claims are barred.

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety granting the Defendants together with costs, disbursements and attorneys fees incurred and for such other and further relief as this Court may deem just and proper.

Dated:   New City, New York
         February 27, 2008

                                              *s//*_____
                                              **Ricki H. Berger, Esq. (RB 3948)**
                                              Attorney for Defendant
                                              **RICKI H. BERGER, P.C.**
                                              **254 South Main Street, Ste. 202**
                                              **New City, New York 10956**
                                              **(845) 639-7000**

RCC/Collins/Answer/FINAL